WEST-WINFREE TOBACCO COMPANY *v.* WALLER.

Opinion delivered May 6, 1899.

WRITTEN CONTRACT—PAROL EVIDENCE TO CONTRADICT.—Where one employed to travel for a year as salesman gave a written guaranty, signed by two indorsers, that he would refund advances made to him in excess of what might be due him under the contract of employment, it is not competent for the indorsers to show, by parol testimony, that they intended to become liable only for advances made within thirty days from the date of the guaranty. (Page 447.)

Appeal from Columbia Circuit Court.

CHAS. W. SMITH, Judge.

### STATEMENT BY THE COURT.

This case was commenced in a justice of the peace court, and comes here by appeal from the circuit court. The appellant company employed one L. Harper, about December 20, 1894, to travel and sell tobacco for it, and were to advance him money to defray his expenses, to give him a salary, and a per cent. on all he sold over $3,000 worth. Harper agreed to work for them during the year 1895, and gave the appellant a guaranty, with appellees as securities, that he would pay it (appellant) back all moneys advanced to him by appellant, to the

amount of $100 more than he was entitled to receive under their contract, as expense money, wages or otherwise. Harper worked for appellant four or five months, and quit owing the appellant $100 advanced to him more than he was entitled to receive for wages, expense money or otherwise. The appellant company sued Harper, and recovered a judgment against him for said one hundred dollars, with 6 per cent. per annum interest from the 26th day of January, 1895. Execution was issued upon said judgment, and returned *nulla bona.* The appellant company then sued the sureties, Waller and Couey, on their guaranty, which is as follows:

"$100. Magnolia, Ark. January 10, 1895. On demand after thirty days after date for value received, I promise to pay West-Winfree Tobacco Co., or order, without offset, negotiable and payable at Columbia County Bank, Magnolia, Ark. This is to cover advances in excess of my dues, as per your offer of December 20, 1894, which I accept to amount of cost of collection, one hundred dollars. Homestead and all other exemptions waived by the maker and each indorser.

"L. HARPER."

Indorsement on Note or Bond: "Homestead and all other exemptions waived. We guaranty within. Protest waived.

"J. M. WALLER,

"J. E. COUEY."

Upon this note or bond a trial was had in the circuit court, on an appeal from the justice, at the August term thereof, 1897; and judgment was rendered against the plaintiff, whereupon the plaintiff filed its motion for a new trial, which was overruled, to which appellant excepted, and brought the case here by appeal.

On the trial of the case, J. M. Waller was allowed, over the objection of the appellant, to testify that on or about January, 1895, L. Harper came to him, and asked him to sign a bond to the West-Winfree Tobacco Company, in order to secure him a position as traveling salesman for it. "I told him I could not do so. He came back two or three days afterwards, and told me that if I would go on the bond Mr. J. E. Couey would go on it too, and I went down to Mr. Couey's place of business, and Mr. Harper presented the instrument herein sued on, and

Mr. Couey and I signed the indorsement written on the back of the instrument. The bond or note is for one hundred dollars, and I signed the instrument or guaranty for thirty days, and for no longer. I signed the guaranty for one hundred dollars to be advanced within thirty days from the date of the instrument, and for no advancement made after thirty days after the date thereof." The other surety, Couey, was also allowed to give testimony to the same effect, over appellant's objection, to which it excepted.

The court refused to instruct the jury, at the instance of the plaintiff, "that the paper sued on in this case is a continuing guaranty, and is made to secure money advanced by them to Harper at any time during the year he was working; provided they advanced him more than he was entitled to be paid under his contract." The plaintiff excepted to the court's refusal to give this instruction.

*J. M. Kelso*, for appellant.

·It was error to admit parol evidence to contradict the written obligation in suit. 19 Ark. 600; 13 Ark. 593; 20 Ark. 293.

*A. S. Kilgore* and *J. Y. Stevens*, for appellees.

A guaranty will not be construed as being a continuing one, unless the parties plainly so state. 30 Am. Rep. 577; 57 Ark. 595; 48 Am. Rep. 454; 61 Ark. 423. Parol evidence was competent to explain 'the doubt as to the import of the guaranty in the note. 1 Rice, Evid. 320; 76 Tex. 25; 30 Am. Rep. 575. The complaint does not state a cause of action, because it fails to show acceptance of the guaranty and consideration therefor. 64 Ark. 648; 56 Am. Dec. 610; 58 Am. Dec. 659. No prejudicial error being shown, no reversal can be had. 50 Ark. 68; 51 Ark. 186; 46 Ark. 485; 46 Ark. 542; 33 Ark. 220.

HUGHES, J., (after stating the facts.) There is no ambiguity in the meaning of the note guarantied by the appellees, and its proper construction was that asked to be placed upon it in the fourth instruction asked for by the plaintiff, which the court refused to give, and in so doing committed error, in our opinion.

The testimony of Waller and of Couey was incompetent, and the court erred in admitting it. It tended to contradict or vary the terms of an unambiguous written contract.

For the errors indicated the judgment is reversed, and judgment is ordered to be rendered below for plaintiff, for which purpose let the case be remanded.

BUNN, C. J., and BATTLE, J., not sitting.